## P. MAXEY V. THE STATE.

No. 21196. Delivered November 20, 1940.
Rehearing Denied December 18, 1940.

The opinion states the case.

*M. Neal Smith,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged upon indictment for the offense of unlawfully and knowingly transporting motor fuel and gasoline upon which a tax is required to be paid under a false manifest. The jury found him guilty and returned into court the following verdict: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at One Hundred Dollars ($100.00) fine and six months in the Gregg County jail and we further find that the defendant has never before been convicted of a felony in this State or in any other state, and we recommend to the Court that the jail sentence only against the defendant in this case be suspended during the good behavior of the defendant."

The appellant had not asked for a suspended sentence. The court was without power or authority of law to enter a judgment of conviction embracing the terms of the jury's verdict. In compliance therewith, the trial court undertook to do so, decreeing that appellant should pay the fine of $100.00 and that the imprisonment for six months should be suspended.

This judgment, for the reason stated, is void. The cause is reversed and remanded for a new trial.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In the State's motion for rehearing it is pointed out that we were in error in stating in our original opinion that appellant made no application for a suspended sentence. It appears from the record that an application for a suspended sentence was timely filed and submitted to the jury in the charge of the court.

The State contends that the jury were warranted in recommending that sentence be suspended as to that part of the punishment relating to the confinement of the appellant in jail for a term of six months, and in withholding such a recommendation as to the fine they assessed. We are unable to agree with this contention. The right to have the sentence suspended is given in our statutes relating to the subject. See Article 776, C. C. P. We know of no statute authorizing the sentence in a felony case to be suspended as to part of the punishment. The present prosecution was for a felony, notwithstanding that part of the penalty assessed was a fine. There being no authority in law authorizing the procedure disclosed by the record herein, we are constrained to hold the verdict of the jury and the judgment based thereon to be void.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.